## PERLIN v FROMBERG, etc., et al. and LERNER v FROMBERG, etc., et al.

Case Nos. 85-336 AP and 85-338 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

February 3, 1987

### APPEARANCES OF COUNSEL

**Morton J. Perlin,** Esquire, pro se.

**Charles L. Neustein** for petitioner Herbert Lerner.

**Arnold Weiner,** City Attorney, and **George F. Knox,** special counsel, for respondents.

Before HENDERSON, SHAPIRO, FULLER, JJ.

141

## OPINION OF THE COURT

SHAPIRO, Judge.

Petitioners, MORTON J. PERLIN and HERBERT LERNER, were members of the Miami Beach Housing Authority. At a meeting of the authority, Petitioners voted to request a study regarding certain property over which the authority had jurisdiction. This action caused a furor amongst the residents of the apartment complex to which the study was directed and within the City Commission of the City of Miami Beach.

The Miami Beach Housing Authority was created pursuant to Chapter 421, Fla. Stats., for the purpose of overseeing low income housing and slum housing areas in the City. The powers of the authority are set forth in § 421.08, Fla. Stats., Housing commissioners are appointed by the Mayor with the approval of the City Commission and may be removed from office by the Mayor with the concurrence of the City Commission for inefficiency, neglect of duty or misconduct. See § 421.07, F.S. The subsection also sets forth some procedures which must be followed when a commissioner's removal is sought.

Petitioners were served with formal written charges for removal from office and notified that a hearing would be convened to consider these charges. Petitioners moved to disqualify the Mayor and Commissioners from hearing the issues because Petitioners believed they would not receive a fair and impartial hearing due to bias, prejudice and prejudgment of the case. The motion to recuse was denied. The Mayor adopted the position espoused by the City's special counsel that there was no requirement for evidence, testimony or any other proof to support the charges. The Mayor advised Petitioners they would be permitted to respond. Petitioners' motion to dismiss was denied. Petitioners chose to present no evidence and the hearing was closed. The Mayor found that Petitioners had committed misconduct warranting removal from office which action was approved by the City Commission.

The conduct of Petitioners and the acts of the Mayor and City Commission must be considered in light of the fact that the term of the two housing commissioners was due to expire shortly. Even if this Court was to determine that the Mayor and Commission acted erroneously or improperly, this Court has no authority to order reinstatement since Petitioners' terms have expired and new housing commissioners have been appointed to succeed them. In actuality, no relief can be granted Petitioners other than a possible vindication of their respective names. See *Wisconsin v. Constantineau*, 400 U.S. 433, 27 L.Ed 2d 515,

142

91 S.Ct. 507 (1971); *Owen v. City of Independence*, 445 U.S. 622, 633, 63 L.Ed.2d 673, 100 S.Ct. 1398 (1980).

This Court is not prepared to vacate the act of the Mayor since such action would be meaningless. We would state however, that the procedure employed by the City was fundamentally flawed. Our system does not require an individual to prove his innocence be it in a court of law or before an administrative agency. The Constitutions of the United States and the State of Florida require that an individual be given minimum due process. What process is due depends upon the circumstances of each case.

Property interests are created and their dimensions defined from state law. *Board of Regents v. Roth*, 408 U.S. 564, 33 L.Ed.2d 548, 92 S.Ct. 2701 (1972). While the legislature may elect not to confer a property interest, it may not constitutionally authorize the deprivation of such an interest, once conferred, without procedural safeguards. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432, 71 L.Ed.2d 265, 102 S.Ct. 1148 (1982). The question remains what process is due? *Morrissey v. Brewer*, 408 U.S. 471, 481, 33 L.Ed.2d 484, 92 S.Ct. 2593 (1972).

If a state grants a right or expectation that adverse action will not be taken except upon the occurrence of certain conditions, the determination of whether such conditions have occurred becomes critical and the minimum requirements of procedural due process appropriate for the circumstances must be observed. *Wolff v. McDonnell*, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2961 (1974).

The Miami Beach housing commissioners do not serve at the pleasure of the Mayor but have a right to serve out their respective terms unless one is inefficient, neglects his duty, or is guilty of misconduct in office. It is only if one of these enumerated situations occur that the Mayor may consider removal. In other words, a housing commissioner can be removed only for one of the causes set forth in the statute. It follows naturally that some showing must be made by the charging authority to substantiate removal. Removal on a whim or without a showing of some cause falls into the category of denying a person minimum due process.

We do not address the merits of the issues considered by the Mayor and Commission. Our concern is solely for the procedure employed. Notwithstanding this fatally flawed procedure, and based upon this Court's determination that the issue presented is moot, the Order to Show Cause is discharged and the Petition for Writ of Certiorari denied.

Henderson and Fuller, JJ., concur.